MEMORANDUM *
Alla Valadmirovna Davis seeks review of a decision of the Board of Immigration Appeals (“BIA”) denying her application for asylum. As the facts are known to the parties, they will not be repeated here, except as necessary to our decision.
Davis filed her application for asylum over six years after entry into this country. Such applications must be “filed vrithin 1 year after the date of the alien’s arrival in the United States,” 8 U.S.C. § 1158(a)(2)(B), except in cases where there are “extraordinary circumstances relating to the delay in filing an application,” id. § 1158(a)(2)(D). Ineffective assistance of counsel may constitute extraordinary circumstances. See 8 C.F.R. § 1208.4(a)(5).
The “Real ID Act of 2005 restores our jurisdiction over constitutional claims or questions of law.” Ramadan v. Gonzales, 479 F.3d 646, 650 (9th Cir.2007) (per curiam) (internal quotation marks and citation omitted). We have held that extraordinary circumstance determinations are a reviewable mixed question of law and fact, so long as the underlying facts are undisputed. Husyev v. Mukasey, 528 F.3d 1172, 1178-79 (9th Cir.2008). Here, the BIA concluded that Davis had presented insufficient evidence to support her claim of ineffective assistance of counsel. We lack jurisdiction to review such determinations, especially in a case such as this where the underlying facts are disputed.
DISMISSED.

 This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.